1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYON JONES,                                              No.  2:22-cv-01592-EFB (PC)

               Plaintiff,

    v.                                                            ORDER

RAYMOND MADDEN, et al.,

               Defendants.

17        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action

18  brought under 42 U.S.C. § 1983.  After a dismissal pursuant to 28 U.S.C. § 1915A (ECF No. 10),

19  plaintiff has filed an amended complaint (ECF No. 15), which also must be dismissed with leave

20  to amend.[1]  Plaintiff also renews his request for appointment of counsel.  ECF No. 16.

21                            Request for Appointment of Counsel

22        District courts lack authority to require counsel to represent indigent prisoners in section

23  1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional

24  circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  *See*

---

[1] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

1   28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v.*

2   *Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional

3   circumstances" exist, the court must consider the likelihood of success on the merits as well as the

4   ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues

5   involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Having considered those factors,

6   the court finds there are no exceptional circumstances in this case.

7                                                    Screening Order

8            Plaintiff has sued defendant C. Green – a correctional officer at California State Prison,

9   Sacramento.  He has failed to state a viable constitutional claim.

10           Plaintiff alleges that, on September 23, 2021, he was showing Green that the front right

11   wheel on his walker was breaking.  ECF No. 15 at 2.  Either plaintiff or Green – it is unclear who

12   – grabbed another walker.  *Id.*  Plaintiff told Green that "it's going to have to be documented."

13   *Id.* at 2-3.  Green "got mad and snatched plaintiff['s] walker from his hand for no reason and

14   caused swelling to plaintiff['s] left thumb."  *Id.* at 3.  Plaintiff then went back to his housing unit

15   with his walker.  *Id.*  Plaintiff felt pain and numbness in his thumb following the encounter.  *Id.* at

16   3, 4.  Plaintiff alleges that Green applied excessive force in violation of the Eighth Amendment

17   because he "knew or should have known that his conduct, attitude, and actions created an

18   unreasonable risk of serious harm to plaintiff."  *Id.*  He further alleges that Green committed the

19   state law tort of assault and battery.  *Id.* at 4.

20           These allegations, as currently articulated, simply do not rise to the level of severity

21   necessary to implicate a violation of the Eighth Amendment.  In *Hudson v. McMillian*, the

22   Supreme Court cautioned that not "every malevolent touch by a prison guard gives rise to a

23   federal cause of action."  503 U.S. 1, 9 (1992).  "The Eighth Amendment's prohibition of 'cruel

24   and unusual' punishments necessarily excludes from constitutional recognition de minimis uses

25   of physical force, provided that the use of force is not of a sort repugnant to the conscience of

26   mankind."  *Id.* at 9-10.  Here, nothing in the complaint indicates that Green's alleged use of force

27   in snatching the walker was more than de minimis.  Moreover, an excessive force claim requires a

28   showing that the officer applied force maliciously and sadistically to cause harm.  *Id.* at 6.

                                                              2

1   Although plaintiff claims that Green knew or should have known he was creating a risk of harm

2   to plaintiff, there are no specific allegations showing that Green ever intended any physical harm

3   to plaintiff.  While the extent of plaintiff's alleged injury is not necessarily dispositive of the

4   issue, its limited nature weighs against the viability of this claim.  *See*, *e.g.*, *Wilkins v. Gaddy*, 559

5   U.S. 34, 38 (2010) ("An inmate who complains of a 'push or shove' that causes no discernible

6   injury almost certainly fails to state a valid excessive force claim.").

7   Further, before proceeding on a claim arising under California law a litigant must comply

8   with the terms of the California Tort Claims Act, and then plead compliance.  *See* Cal. Gov't

9   Code §§ 905, 911.2, 945, 950.2.; *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d. 1470, 1477 (9th

10  Cir. 1995).  When a plaintiff asserts a claim subject to the Act, he must affirmatively allege

11  compliance with the claim presentation procedure, or circumstances excusing such compliance, in

12  his complaint.  *Shirk v. Vista Unified Sch. Dist.,* 42 Cal. 4th 201, 209 (2007).  Plaintiff's

13  complaint is devoid of such allegations.   For this reason, the assault and battery claim is also

14  dismissed with leave to amend.

15  <u>Leave to Amend</u>

16  Plaintiff will be given an opportunity to amend his complaint.  He is cautioned that any

17  amended complaint must identify as a defendant only persons who personally participated in a

18  substantial way in depriving him of his constitutional rights.  *Johnson v. Duffy*, 588 F.2d 740, 743

19  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an

20  act, participates in another's act or omits to perform an act he is legally required to do that causes

21  the alleged deprivation).  Plaintiff may also include any allegations based on state law that are so

22  closely related to his federal allegations that "they form the same case or controversy."  *See* 28

23  U.S.C. § 1367(a).

24  The amended complaint must also contain a caption including the names of all defendants.

25  Fed. R. Civ. P. 10(a).

26  Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *See*

27  *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).  Nor may he bring multiple, unrelated claims

28  against more than one defendant.  *Id.*

1    Any amended complaint must be written or typed so that it so that it is complete in itself

2 without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

3 complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

4 earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

5 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

6 being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

7 1967)).

8    Any amended complaint should be as concise as possible in fulfilling the above

9 requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of procedural or factual

10 background which has no bearing on his legal claims.  He should also take pains to ensure that his

11 amended complaint is as legible as possible.  This refers not only to penmanship, but also spacing

12 and organization.  Plaintiff should carefully consider whether each of the defendants he names

13 actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in

14 which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

16    Accordingly, it is ORDERED that:

17    1.  Plaintiff's request for the appointment of counsel (ECF No. 16) is denied without

18        prejudice;

19    2.  Plaintiff's amended complaint (ECF No. 15) is dismissed with leave to amend within

20        30 days of service of this order; and

21    3.  Failure to comply with any part of this this order may result in dismissal of this action.

23 Dated: April 17, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4