UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYON JONES, | No. 2:22-cv-01592-EFB (PC) |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| RAYMOND MADDEN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. After the court dismissed the amended complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim, the court gave plaintiff leave to file a second amended complaint in an attempt to state a cognizable claim. ECF No. 17. Plaintiff has now filed a second amended complaint (ECF No. 22), which the court must screen.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).

/////

As with the prior complaint, the second amended complaint alleges that on September 23, 2021, defendant Green "snatched" plaintiff's walker from his hand, which caused swelling to plaintiff's left thumb. ECF No. 22 at 2. In the prior screening order, the court found that these allegations did not rise to the level of severity necessary to implicate a violation of the Eighth Amendment. ECF No. 17 at 2. In *Hudson v. McMillian*, the Supreme Court cautioned that not "every malevolent touch by a prison guard gives rise to a federal cause of action." 503 U.S. 1, 9 (1992). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9-10. Plaintiff has not added any allegations to the second amended complaint showing that Green's use of force in snatching the walker was more than de minimis or that it resulted in any significant injury. Although the complaint states that the "snatching" of the walker from plaintiff caused some swelling of his thumb, there is no allegation of a lasting injury or an injury significant enough to warrant medical intervention or treatment.

The prior screening order also found that there were no allegations showing that Green intended any physical harm to plaintiff. *Id* at 3. The second amended complaint also fails to cure this defect.

Despite notice of the deficiencies in the complaint and an opportunity to amend, plaintiff is no closer to stating a claim upon which relief could be granted. The court finds that further leave to amend is not warranted. *See Plumeau v. School Dist. # 40*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

Accordingly, it is hereby ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

/////
/////
/////
/////
/////

2

Further, it is hereby RECOMMENDED that plaintiff's second amended complaint (ECF No. 22) be DISMISSED, with prejudice, for failure to state a claim upon which relief could be granted, and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 7, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE